# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

VW CREDIT, INC.,                )
                                )
        Plaintiff,       )
                                )
        v.               )    No. 09 C 2832
                                )
FRIEDMAN AND WEXLER, LLC and    )
FM INDUSTRIES, INC.,            )
                                )
        Defendants.      )

**MEMORANDUM OPINION**

Before the court are defendants' motions to strike plaintiff's prayer for relief to the extent that it seeks punitive damages. The motions are granted for the reasons explained below.

This is a diversity action brought by plaintiff VW Credit, Inc. ("VW Credit"), an automobile lender, against defendants Friedman & Wexler, LLC ("F & W") and FM Industries, Inc. ("FMI"). The action arises out of a contract among the parties (the "Agreement") pursuant to which defendants provided debt-collection services for plaintiff. The Agreement stated that "[e]ither party" could terminate it "for any or no reason at any time" by giving the "other party" ninety days written notice. (Am. Compl., Ex. 1, Agreement, at 11.) Also, in the event of termination, the parties agreed to "cooperate to the fullest extent possible" to wind down

their obligations "in a manner most beneficial and least harmful to the other party."  (Id. at 11-12.)

Plaintiff alleges that on November 1, 2008, it provided defendants with written notice of its intent to terminate the Agreement effective February 13, 2009.  Thereafter, plaintiff alleges, defendants failed to cooperate in winding down their obligations, wrongfully asserted attorneys' liens against certain moneys collected for plaintiff's benefit, and wrongfully charged plaintiff over $500,000 for costs purportedly incurred in connection with the assertion of the liens.  F & W also stopped remitting collected funds to plaintiff.

The complaint contains three counts.  Count I seeks a declaration that (1) F & W is not entitled to assert an attorneys' lien and must withdraw the lien notices at F & W's expense; (2) defendants are not entitled to withhold any monies collected from plaintiff's debtors based on the purported costs associated with the lien notices; and (3) defendants are required to perform in accordance with the wind-down provisions of the Agreement.  Plaintiff also seeks an order enjoining F & W from continuing to withhold funds due to plaintiff pursuant to the terms of the Agreement.[1]  Counts II and III are claims for breach of contract

---

[1] On February 17, 2010, we granted plaintiff's motion for a declaration that plaintiff had terminated any collection obligations and entered an order deeming terminated any obligation that F & W may have had to continue to collect funds from plaintiff's borrowers.

and conversion. Plaintiff seeks compensatory damages allegedly caused by the breach in an amount not less than $1,000,000 plus interest and costs as well as punitive damages based on defendants' alleged willful and wanton conversion of plaintiff's funds.

Defendants have moved to strike the request for punitive damages pursuant to Federal Rule of Civil Procedure 12(f), which states that the court may strike any immaterial or impertinent matter from a pleading.[2] Defendants contend that the following language of the Agreement bars plaintiff from recovering punitive damages:

> **8.6 Consequential Damages:**
> FMI and [F & W] shall not be liable to [VW Credit] nor shall [VW Credit] be liable to FMI and [F & W] for indirect, special, incidental, exemplary or consequential damages (including, without limitation, lost profits) related to this Agreement or resulting from [VW Credit's] use or inability to use the system, arising from any cause of action whatsoever, including contract, warranty, strict liability, or negligence, even if FMI and/or [F & W] has been notified of the possibility of such damages.

(Am. Compl., Ex. 1, Agreement, at 14.) Plaintiff maintains that section 8.6 does not bar recovery of punitive damages because its conversion claim "is a tort claim separate and apart from its breach of contract action" that arose after the Agreement was terminated. (Pl.'s Resp. at 4.) We disagree. The parties clearly agreed to waive liability for exemplary damages related to the Agreement and "arising from any cause of action whatsoever," even

---

[2] F & W's motion, which was directed to plaintiff's original complaint, will be construed as applying to the amended complaint.

tort actions; indeed, the torts of strict liability and negligence are expressly mentioned. Thus, the fact that plaintiff's conversion claim sounds in tort does not help plaintiff. Furthermore, the alleged conversion arose in connection with the services defendants had been performing for plaintiff pursuant to the Agreement, so the claim is therefore "related to" the Agreement and falls within section 8.6's exemplary damages bar. Plaintiff fails to present any argument that such an award would not be "related to" the Agreement. Accordingly, defendants' motions to strike plaintiff's prayer for punitive damages will be granted. In light of this ruling, we need not address the second basis for F & W's motion (its "legal malpractice" argument).

## **CONCLUSION**

For the foregoing reasons, defendants' motions to strike plaintiff's prayer for relief, to the extent it seeks punitive damages [16, 30], are granted.

DATE: March 4, 2010

ENTER: _____
John F. Grady, United States District Judge