## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

VW CREDIT, INC.,                )
                                )
        Plaintiff,             )
                                )
        v.                     )   No. 09 C 2832
                                )
FRIEDMAN AND WEXLER, LLC and    )
FM INDUSTRIES, INC.,            )
                                )
        Defendants.            )

### MEMORANDUM OPINION

Before the court is plaintiff/counter-defendant's motion to dismiss Counts I, III, and IV of the counterclaim. For the reasons explained below, the motion is granted in part and denied in part.

### BACKGROUND

This is a diversity action brought by plaintiff VW Credit, Inc. ("VW Credit"), an automobile lender, against defendants FM Industries, Inc. and Friedman & Wexler, LLC ("F & W"). It arises out of a contract among the parties (the "Agreement") pursuant to which defendants provided debt-collection services for plaintiff. In the event of termination, the parties agreed to "cooperate to the fullest extent possible" to wind down their obligations "in a manner most beneficial and least harmful to the other party." (Am. Compl., Ex. 1, Agreement, at 11-12.)

On November 1, 2008, plaintiff gave defendants notice that it was terminating the contract, effective February 13, 2009. Thereafter, plaintiff alleges, defendants failed to cooperate in winding down their obligations, wrongfully asserted attorneys' liens against certain moneys collected for plaintiff's benefit, and wrongfully charged plaintiff over $500,000 for costs purportedly incurred in connection with the assertion of the liens. F & W also stopped remitting collected funds to plaintiff. The amended complaint seeks declaratory relief (Count I) and also asserts claims for breach of contract (Count II) and conversion (Count III).

F & W brings a counterclaim for declaratory relief (Count I), breach of contract (Count II), quantum meruit (Count III), and conversion (Count IV). Plaintiff moves to dismiss Counts I, III, and IV.

## DISCUSSION

The purpose of a 12(b)(6) motion to dismiss is to test the sufficiency of the complaint, not to resolve the case on the merits. 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356, at 354 (3d ed. 2004). Under federal notice-pleading standards, a complaint need not contain "detailed factual allegations," but it must have more than mere "labels and conclusions." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A plaintiff is obligated to provide the factual grounds of

his entitlement to relief, and a "formulaic recitation" of the elements of a claim will not do. Id. The complaint must contain sufficient facts to raise a plaintiff's right to relief above a "speculative" level, id. at 555, and the claim must be "plausible on its face," id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, --- U.S. ----, ----, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). When evaluating a motion to dismiss a complaint, we must accept as true all factual allegations in the complaint, but not its legal conclusions. Id. at 1949-50.

**A.   Declaratory Relief (Count I)**

In Count I of its counterclaim, F & W seeks a declaration that (1) F & W is entitled to commissions and fees from all accounts on which it and/or attorneys it had retained had established payment terms and/or initiated collection activity or litigation; (2) F & W is entitled to an accounting for all payments received by plaintiff for the above-referenced accounts; (3) F & W is entitled to assert an attorneys' lien for commissions and fees due under the Agreement; and (4) plaintiff is required to perform in accordance with the Agreement, including the wind-down provisions.

VW Credit argues that we should dismiss Count I because it is "superfluous"; in its view, the relief sought "is merely the

negation" of the relief sought in VW Credit's claim for declaratory judgment. (Pl.'s Mot. at 3.) In its claim, VW Credit seeks a declaration that (1) F & W is not entitled to assert an attorneys' lien and must withdraw lien notices at F & W's expense; (2) defendants are not entitled to withhold any monies collected from plaintiff's debtors based on the purported costs associated with the lien notices; and (3) defendants are required to perform in accordance with the wind-down provisions of the Agreement. Plaintiff also seeks an order enjoining F & W from continuing to withhold funds.

F & W contends that its counterclaim for declaratory judgment is not wholly a mirror image of VW Credit's claim for declaratory judgment. It also asserts that we should treat plantiff's motion as a Rule 12(f) motion to strike the counterclaim as "redundant," and not as a Rule 12(b)(6) motion to dismiss it.

Because Count I does not *entirely* reiterate issues that are already before us, we need not decide whether to affix the "strike" or "dismiss" label. Putting to one side the request for an accounting, which will be dismissed for the reasons discussed below, a portion of Count I seeks relief that is different from what VW Credit seeks. Certainly, F & W's request for a declaration that it is entitled to assert an attorneys' lien seeks mirror-image relief. However, its request for a declaration that VW Credit is required to perform in accord with the Agreement, including its

wind-down provisions, does not restate an issue already before us. Nor is it clear to us at this point that F & W's request for a declaration that it is entitled to commissions and fees on certain accounts is "simply a negation of the relief," Pl.'s Mot. at 4, sought by VW Credit. In any event, even if the counterclaim turns out to be an exact mirror image of VW Credit's claim, which seems doubtful, the fact that the counterclaim remained pending (except for the request for an accounting) would not prejudice VW Credit in the slightest.

Regarding F & W's request for an accounting, VW Credit asserts that the claim must be dismissed because F & W has failed to plead the requisite elements. In order to state a claim for an accounting under Illinois law, a "plaintiff must allege the absence of an adequate remedy at law and either a breach of fiduciary relationship, a need for discovery, fraud, or the existence of mutual accounts" that are complex in nature. 3Com Corp. v. Electronic Recovery Specialists, Inc., 104 F. Supp. 2d 932, 941 (N.D. Ill. 2000). "There is one exception to this rule, however: Illinois courts will excuse a plaintiff's failure to allege the absence of an adequate remedy at law if the accounting claim is based on a breach of fiduciary duty." Id. F & W contends that it fits within the exception to the rule because it has pled the breach of a fiduciary duty by VW Credit, and "[n]either party

contests that a fiduciary relationship existed between VW Credit and F & W." (Def.'s Resp. at 6.)

F & W incorrectly assumes that fiduciary duties are reciprocal. Although VW Credit alleges that F & W owed it a fiduciary duty as its attorneys, VW Credit does contest that it owed any fiduciary duty to F & W. The counterclaim alleges in only a conclusory fashion that VW Credit acted "in willful and wanton disregard of its fiduciary and other duties to F & W" when it refused to remit payments to F & W. (Countercl. ¶ 65.) But F & W alleges no facts, and there are no provisions of the Agreement, from which we could reasonably infer that VW Credit owed F & W a fiduciary duty. All that F & W has alleged is that VW Credit breached a contractual duty to pay it money. "[M]ere allegations that one business simply trusted another to fulfill [its] contractual obligations" are not enough to allege a fiduciary relationship. 3Com, 104 F. Supp. 2d at 941-42.

Because F & W fails to adequately allege that VW Credit breached a fiduciary duty and fails to allege the absence of an adequate remedy at law, its claim for an accounting will be dismissed with prejudice.

**B.  Quantum Meruit (Count III)**

VW Credit contends that F & W's quantum meruit claim should be dismissed because the relationship between the parties was governed by an express contract, citing our opinion in Song v. PIL, L.L.C.,

640 F. Supp. 2d 1011 (N.D. Ill. 2009). In Song, we dismissed a quantum meruit claim because the parties' relationship was governed by an express contract. Id. at 1016-17. We noted that when the parties' relationship is governed by an express contract, "they may not bring a claim of unjust enrichment unless the claim falls outside the contract." Id. at 1016 (quoting Utility Audit, Inc. v. Horace Mann Serv. Corp., 383 F.3d 683, 688-89 (7th Cir. 2004)).

As in Song, there is no dispute here that the parties had an express contract. F & W argues that its quantum meruit claim should stand, though, because it falls outside the contract. Specifically, F & W contends that the services it provided to "handle and correct errors" caused by VW Credit's previous collection agency, described at paragraph 49 of the counterclaim, "were not contemplated by" the Agreement and go beyond its scope. (Def.'s Resp. at 8.) The problem is that the counterclaim does not actually allege that the Agreement did not encompass those services. Therefore, Count III will be dismissed. Because it is possible that F & W will be able to make this allegation and adequately state a quantum meruit claim, the dismissal will be without prejudice.[1]

---

[1] We have two additional comments on the parties' arguments. First, defendant suggests that because it "never even knew of [the] existence" of the additional work until after the Agreement was executed, Def.'s Resp. at 8, the Agreement could not possibly encompass that work. This argument misses the mark. In the event that F & W pursues its quantum meruit claim, the issue will be whether the subject matter of the contract encompasses the work. See Utility Audit, 383 F.3d at 689. Second, the gist of VW Credit's reply seems to be that F & W could not prove a quantum meruit claim. We cannot address that question

## C. Conversion (Count IV)

VW Credit maintains that F & W cannot bring a conversion claim to satisfy a mere obligation to pay money and that F & W fails to allege, as it must to state a conversion claim, that the money at issue belonged to F & W at all times. F & W concedes that plaintiff's "point is well taken," but contends that dismissal of the claim "should be without prejudice subject to future amendment as the facts warrant." (Def.'s Resp. at 8.) It does not explain, and we cannot envision, how there is any possible set of facts here that would allow it to state a conversion claim. Therefore, the dismissal of Count IV will be with prejudice.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to dismiss Counts I, III, and IV of the counterclaim of Friedman & Wexler, LLC [74] is granted in part and denied in part. Defendant's claim for an accounting is dismissed with prejudice, but the motion is denied as to the remainder of Count I. Count III is dismissed without prejudice, and F & W is given leave to file an amended counterclaim by June 18, 2010 that cures the deficiency we have identified, if it can do so. Count IV is dismissed with prejudice.

---

on a motion to dismiss.

DATE:        June 7, 2010

ENTER:       _____
             John F. Grady, United States District Judge